

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,360-01

### EX PARTE JORGE GOMEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2019-417,741-A IN THE 364TH DISTRICT COURT
### FROM LUBBOCK COUNTY

*Per curiam*. YEARY and SLAUGHTER, JJ., dissented.

## O P I N I O N

Applicant was convicted of possession of less than one gram of a controlled substance in Penalty Group 1, methamphetamine, and sentenced to 268 days' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because, but for defense counsel's failure to investigate a pending federal case and advise Applicant about the consequences that the State conviction would have on the sentencing range in his federal case, Applicant would not have pleaded guilty. The trial court concludes that Applicant received ineffective assistance of trial counsel.

Relief is granted. *Ex parte Moussazadeh*, 361 S.W.3d 684, 692 (Tex. Crim. App. 2012). The judgment in cause number 2019-417,741 in the 364th District Court of Lubbock County is set aside, and Applicant is remanded to the custody of the Sheriff of Lubbock County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: August 19, 2020
Do not publish